UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OMAR GARCIA-REGALADO<br>Petitioner,<br><br>*versus*<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIV. NO. 7:23-cv-00368<br><br>CRIM. NO. 7:22-cr-00275-1 |

## REPORT & RECOMMENDATION

Petitioner, Omar Garcia-Regalado, a federal prisoner proceeding *pro se*, initiated this action by filing a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, alleging that trial counsel was ineffective in failing to appeal his sentence. *See* Civ. Dkt. No. 1.[1] After a preliminary review of said motion, the court directed Respondent to file an answer or other response on or before December 15, 2023, and provided Petitioner the option to reply to Respondent's response on or before January 16, 2024. *See* R. Gov. Sec. 2255 Proceedings 5. On November 20, 2023, Respondent filed a motion for summary judgment, arguing Petitioner's motion was untimely and said motion was not entitled to equitable tolling. *See* Civ. Dkt. No. 4. On December 28, 2023, Petitioner filed a reply with the Clerk's Office, conceding his motion was two-months late but requests the court to review the motion taking into consideration Petitioner's *pro se* inmate status, lack of legal knowledge, and lack of resources. *See* Civ. Dkt. No. 5.

---

[1] The District Court has referred this matter to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and L.R. 72. "Civ. Dkt." references filings filed in this matter; "Crim. Dkt." references filings filed in the underlying criminal prosecution that is being contested by Petitioner, *United States v. Garcia-Regalado*, Case No. 7:22-cr-00275-1. For purposes of identification, all page numbers reference the pagination imprinted by the court's electronic filing system – CM/ECF.

1

Based on review of the filings, the record, and relevant case law, this matter is ripe for consideration without a need for hearing. For the reasons discussed in this Report and Recommendation, the undersigned concludes that Petitioner's § 2255 motion is untimely, and Petitioner's motion is not entitled to equitable tolling.

Therefore, the undersigned recommends that Respondent's Motion for Summary Judgment (Civ. Dkt. No. 4) be **GRANTED**, and Petitioner's motion pursuant to § 2255 (Civ. Dkt. No. 1) be **DISMISSED with prejudice**, and the case be closed out. Finally, it is recommended that the District Court **DECLINE** to issue a certificate of appealability in this matter.

## I. BACKGROUND AND PROCEDURAL HISTORY[2]

On February 4, 2022, agents of the U.S. Department of Homeland Security, Customs and Border Protection (CBP), encountered Petitioner near Mission, Texas. When questioned, Petitioner admitted being a citizen of Mexico who had made entry into the United States by rafting across the Rio Grande River near the Hidalgo, Texas, Port of Entry, on the same date. An immigration record check revealed that Petitioner was ordered deported or removed from the United States on four separate occasions prior to this encounter. The first time Petitioner was ordered deported or removed from the United States was on March 2, 2011. He was subsequently deported on April 12, 2011, June 14, 2019, and July 16, 2021. A criminal record check by federal agents revealed that Petitioner had prior conviction for illegal reentry in violation of 8 U.S.C. § 1326 that occurred on January 8, 2021, out of the Southern District of Texas – Laredo Division. On March 10, 2021, Petitioner pled guilty to said allegation, and on May 5, 2021, Petitioner was sentenced to 118 days in custody and subsequently removed on July 16, 2021.

---

[2] Unless otherwise noted, the facts set forth in this section are based on Final Presentence Investigation Report (PSR) completed by the United States Probation Department and filed on June 3, 2022. (Crim. Dkt. No. 24.)

2

On February 23, 2022, a Grand Jury in McAllen, Texas, handed down an indictment, charging Petitioner with one count of being unlawfully found in the United States after previously having been denied admission, excluded, deported, and removed in violation of 8 U.S.C. § 1326 (a) and (b). On April 7, 2022, Petitioner, accompanied by his counsel, appeared before the Honorable District Judge Micaela Alvarez,[3] and entered a plea of guilty to the single-count indictment.[4]

A Presentence Investigation Report (PSR) was prepared by United States Probation Office using the 2021 United States Sentencing Commission Guidelines Manual (U.S.S.G.). The Sentencing Guidelines called for a base level of eight pursuant to U.S.S.G. § 2L1.2(a). The base level was increased by four levels, to level twelve, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based on Petitioner's prior felony conviction of re-entry of a deported alien. Petitioner was assessed another six-level increase, to level eighteen, pursuant to § 2L1.2(b)(2)(C),[5] since Petitioner was convicted of the following two offenses that occurred before his first deportation on March 2, 2011: (1) On September 17, 2018, Petitioner pled guilty to operating a motor vehicle while intoxicated on August 16, 2009, in Clinton County Circuit Court, Frankfort, Indiana, and was sentenced to 18 months prison; (2) On January 5, 2011, Petitioner pled guilty to receiving stolen auto parts (felony offense) on May 9, 2010, in Clinton County Circuit Court, Frankfort, Indiana, and was sentenced to 18 months in prison.

---

[3] This re-arraignment hearing was held via videoconference, by agreement of the parties, due to safety precautions enacted by the courts during the coronavirus pandemic.

[4] There was no plea agreement in this case. (Crim. Dkt. No. 24 at 3, ¶ 2.)

[5] U.S.S.G. § 2L1.2(b)(2)(C) provides that "... If, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in ... a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed exceeded one year and one month, increase by 6 levels[.]"

Petitioner was further assessed a four-level increase, pursuant to U.S.S.G. § 2L1.2(b)(3)(D),[6] for the fact that after Petitioner's 2011 deportation, on June 18, 2018, Petitioner pled guilty to felony charge of synthetic identity deception that occurred on February 10, 2018, in Clinton County Circuit Court, Frankfort, Indiana, and was sentenced to 365 days in custody. Overall, the adjusted offense level with the noted additions was calculated at 22. With a two-level reduction for acceptance of responsibility per U.S.S.G. § 3E1.1(a) and an additional one-level decrease per U.S.S.G. § 3E1.1(b) (if moved for by government at final sentencing hearing), Petitioner's total offense level would be reduced to 19. Petitioner's criminal history was calculated at 12, establishing a criminal history category of V within the Sentencing Guidelines.[7] A total offense level of 19 and criminal history category of V yielded a guideline range for imprisonment of 57 to 71 months. *See* U.S.S.G. Ch.5, Pt. A (Sentencing Table, Zone D).

The sentence hearing was held on July 20, 2022, before the Hon. Judge Alvarez. The District Court adopted the recommendation of the PSR and further granted Government's motion for one-level decrease pursuant to U.S.S.G. § 3E1.1(b). The recommended sentence under the guidelines was determined to be 57 to 71 months, as noted. The District Court sentenced Petitioner to 57 months in prison, with no term of supervised release, no fine, and $100 special assessment.[8]

---

[6] U.S.S.G. § 2L1.2(b)(3)(D) provides that "… If, after the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in … a conviction for any other felony offense (other than an illegal reentry offense), increase by 4 levels[.]"

[7] Besides the felony convictions outlined above that warranted criminal history points, Petitioner also had a conviction for driving while intoxicated out of County Criminal Court No. 1, Fort Worth, Texas, on June 22, 2021, for which he was sentenced to 60 days in jail. (Dkt. No. 24 at 9-10, ¶37.)

[8] "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

At the end of hearing, the Court advised Petitioner the right to appeal. (Crim. Dkt. Entry, dated July 20, 2022.; *see also* Crim. Dkt. No. 29 (Judgment)). No notice of appeal was filed.

## II. SUMMARY OF THE PLEADINGS

### A. Petitioner's § 2255 Habeas Petition

On October 19, 2023,[9] Petitioner filed Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, *see* Civ. Dkt. No. 1, wherein Petitioner sets out one ground of constitutional violation that his lawyer was ineffective in failing to file a notice of appeal after he told him to do so. (*Id.* at 4.) Petitioner believes if the case were heard on appeal, his sentence would be found excessive and unreasonable. (*Id.*) Within the motion, Petitioner acknowledges that his motion is untimely and requests the court's permission to file an untimely motion considering his status as a *pro se* prisoner who does not speak English and lack of legal knowledge and assistance. (*Id.* at 11.) Petitioner also claims he sent a copy of the motion to defense counsel for filing on September 11, 2023, but defense counsel refused to file petition because the motion was unsigned. (*Id.*)

### B. Respondent's Answer

On November 20, 2023, Respondent filed a motion for summary judgment, moving to dismiss Petitioner's § 2255 motion as time barred and arguing that Petitioner is not entitled to equitable tolling. (Civ. Dkt. No. 4 at 1.) Respondent notes that Petitioner's conviction became final 14 days after the judgment was entered with no appeal filed; thus, the § 2255 petition should have been filed within a year of the date of final judgment. (*Id.* at 3.) Accordingly, the statute of limitations for Petitioner's § 2255 motion expired on August 22, 2023. (*Id.*) Respondent thus

---

[9] *Pro se* prisoner's filings are governed by the mailbox rule; they are deemed filed as soon as the pleadings have been deposited into the prison mail system. *Houston v. Lack*, 487 U.S. 266, 275 (1988); *see also* R. Gov. Sec. 2255 Proceedings 3(d). Said petition was received by the District Clerk on October 23, 2023. (Civ. Dkt. No. 1.)

argues that Petitioner's motion is deemed to be filed on October 19, 2023, under "prison mailbox rule"; thus, Petitioner's § 2255 motion is almost two months late. (Civ. Dkt. No. 4 at 3.) Respondent urges the court dismiss Petitioner's § 2255 motion as untimely filed and thus time barred from review. (*Id.* at 4.)

Respondent also asserts that, although section 2255's statute of limitations is subject to equitable tolling, Petitioner is not entitled to such benefit. (Civ. Dkt. No. 4 at 4.) Respondent argues that Petitioner has not shown either extraordinary circumstances or diligent pursuit of his right to qualify for equitable tolling. (*Id.* at 5.) First, Respondent argues that Petitioner's *pro se* status and lack of legal knowledge should not excuse his failure to comply with statute of limitations. (*Id.*) Respondent contends that these facts, as held in the Fifth Circuit's precedent (citing *Felder v. Johnson*, 204 F.3d 168, 171 (2000)) do not constitute extraordinary circumstances, and thus do not qualify Petitioner for equitable tolling. (*Id.*) Second, Petitioner has failed to show what steps he has taken to ensure his motion to be timely filed since the judgment, and therefore failed the diligence requirement for equitable tolling. (*Id.*) Petitioner's allegation that he sent the motion to defense counsel for filing on September 11, 2023, cannot exempt Petitioner from late filing. (*Id.* at 6.) Respondent claims that the date of September 11, 2023, is after the expiration of the statute of limitations and Petitioner failed to explain why he sent the motion to defense counsel for filing only after the limitation period expired. (*Id.*) Finally, even if the court were to accept September 11, 2023, as the filing date, Petitioner's § 2255 motion would still be untimely filed. (*Id.*)

### C. Petitioner's Reply

Petitioner filed a timely response on December 20, 2023,[10] that was received by the District Clerk on December 28, 2023. *See* Civ. Dkt. No. 5. In the response, Petitioner concedes that his motion "was filed two months late" but he requests the court to consider accepting his late motion. (*Id.* at 1.) Petitioner explains it took him more time to have filed the motion because of his *pro se* inmate status, his ignorance of law, and lack of legal training. (*Id.*) Specifically, Petitioner claims he has no knowledge of the proper procedure of filing a § 2255 motion; and he "mailed the motion to his Counsel" in hope that his lawyer would file the motion on his behalf. (*Id.*) Petitioner also alleges that he was not aware of the statute of limitations. (*Id.*) Petitioner submits that had Petitioner known there was a limitation period, Petitioner would have filed the motion "before August 2023." (*Id.* at 2.) Petitioner further opposes Respondent's argument regarding his failing in diligently pursuing his rights, stating that "[b]efore mailing the motion to Counsel, [he] worked diligently on the motion." (*Id.* at 2.) Moreover, Petitioner alleges that while he was preparing the motion, Bastrop Federal Correctional Institution, the facility where he is incarcerated, closed the library due to a widely infestation of "nocturnal frugivorous or insectivorous flying mammals and mold," "making it difficult … to properly conduct his research." (*Id.* at 1.)

### III. RELEVANT LEGAL AUTHORITY

#### A. *Pro Se* Petition

Petitioner's *pro se* motion is entitled to a more liberal construction than those drafted by practicing attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) ("It is the substance of the relief sought by a *pro se*

---

[10] Petitioner certified that the response was placed in "Inmate" legal mail on December 20, 2023. *See Houston*, 47 U.S. at 275; R. Gov. Sec. 2255 Proceeding 3(d).

pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing.").

### B. Summary Judgment Review

Summary judgment is appropriate if the pleadings and evidence show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the moving party presents "a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (internal citation omitted). When reviewing, a district court must generally construe disputed facts in a light favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In the context of habeas petitions, the Federal Rules of Civil Procedure apply to the extent that they are not inconsistent with Rules Governing Section 2255 Proceedings. R. Gov. Sec. 2255 Proceeding 12; *see also* Fed. R. Civ. P. 81(a)(4) (referencing the applicability of the Federal Rules of Civil Procedure to the Rules Governing Section 2255 cases). Therefore, these claims are reviewed pursuant to Fed. R. Civ. P. 56(a) unless there is a conflict with Federal Rules Governing § 2255 Proceedings.

### C. Habeas Petition Pursuant to 28 U.S.C. § 2255

"Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)). Thus, there are only four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence upon collateral review: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose

such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack." *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)); *see also* 28 U.S.C. § 2255(a).

### 1. AEDPA's Statute of Limitation

A § 2255 motion must be timely filed. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[11] establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). The limitation period shall run from the latest of –

> (1) the date on which the judgment became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As for section 2255(f)(1), finality attaches in the postconviction relief context when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). When a defendant does not appeal a conviction, it becomes final

---

[11] *See* Pub. L. 104-132, 110 Stat. 1214 (1996).

9

for purposes of § 2255 upon the expiration of time to file a notice of appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

### 2. Equitable Tolling

The one-year period of limitations under 28 U.S.C. § 2255(f) is not jurisdictional and is subject to equitable tolling. *U.S. v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). A petitioner may request an exception for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). Having said that, a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). First, the required diligence on part of a petitioner is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citation omitted). Equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)); *see also Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("It is a common maxim that equity is not intended for those who sleep on their rights."). Second, equitable tolling is applied restrictively in "rare and exceptional circumstances." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation marks and citation omitted). Generally, equitable tolling is warranted only in instances "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Otherwise, a "garden variety claim of excusable neglect" is insufficient to justify equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "As a discretionary doctrine that turns on the facts and circumstances of a particular case,

equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

The Fifth Circuit's general principle is "not to apply statute of limitations too harshly," *Fisher*, 174 F.3d at 713, and to entertain equitable tolling "where it is necessary to 'preserve[] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Fierro*, 294 F.3d at 682 (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Yet, the Fifth Circuit has expressly held proceeding *pro se*, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations. *Felder*, 204 F.3d at 173.

## IV. ANALYSIS

### A. Section 2255 Motion Is Untimely Filed

Petitioner does not allege any facts that could trigger a starting date under § 2255(f)(2)-(4); neither does the record reveal facts suggesting any trigger other than § 2255(f)(1). Therefore, the limitations period shall run from the date on which Petitioner's judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Because Petitioner did not file a notice of appeal, Petitioner's judgment became final when the applicable period for seeking direct review of a conviction has expired. *See Plascencia*, 537 F.3d at 388; *see also* Fed. R. App. P. 4(b)(1)(A)(i) (providing fourteen days to appeal from judgment). Here, the judgment against Petitioner was entered on August 8, 2022. (Crim. Dkt. No. 29.) When petitioner allowed the direct review process to expire on August 22, 2022, his limitations period for a § 2255 motion began to run on that date, and one year later, expired on August 22, 2023.

Under prison mailbox rule, Petitioner's motion is deemed to be filed on October 19, 2023. *See* R. Gov. Sec. 2255 Proceedings 3(d) (applying the "mailbox rule" to inmates who use the

11

jail/prison's mail system); *see also United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) (applying mailbox rule once the prisoner establishes that he gave prison officials the pleading for mailing, irrespective of whether the document reaches its intended recipient); *see also* Civ. Dkt. No. 1 at 15 (showing that Petitioner certified that he placed his standard-form motion in the prison mailing system on October 19, 2023). Therefore, Petitioner's motion is filed approximately two-months too late.

Petitioner does not dispute that his petition was untimely filed; however, Petitioner requests for the court to review the untimely petition because his ignorance of law and lack of legal training. (Civ. Dkt. No. 5 at 1.) Particularly, Petitioner states that he was not aware that there was limitations period of filing § 2255 motion. (*Id.* at 2.) Petitioner appears to plead that the untimely petition is entitled to the benefits of equitable tolling.

### B. Equitable Tolling

To be entitled to equitable tolling, a petitioner must establish he has met the two-prong requirement outlined in *Holland v. Florida*. As explained, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Here, Petitioner failed to establish both prongs.

First, Petitioner has not shown he has diligently pursued his rights. Petitioner asserts that he "worked diligently on the motion." (Civ. Dkt. No. 5 at 2.) However, Petitioner has not provided any facts regarding how he pursued his right to habeas corpus before expiration of his limitation period. Mere conclusory and unsubstantiated statements cannot establish Petitioner's reasonable diligence. *See e.g. Gaines v. United States*, No. 3:15-CR-254-B(6), 2023 WL 2483492, at *3 (N.D. Tex. Feb. 24, 2023), *report and recommendation adopted*, No. 3:15-CR-254-B(6), 2023 WL 2481232 (N.D. Tex. Mar. 13, 2023) (holding that movant's conclusory statements that he was

"working diligently on his own" do not satisfy burden to establish an entitlement to equitable tolling); *Monje-Mora v. Davis*, No: MO:18-CV-00150-DC, 2019 WL 13275731, at *5 (W.D. Tex. March 18, 2019) (holding that it is insufficient to satisfy the diligent requirement that petitioner conclusively claims he is a non-English speaker who was not provided any translation assistance); *Loker v. Davis*, No. H-16-1055, 2016 WL 4147253, at *3 (S.D. Tex. Aug. 3, 2016) (noting that conclusory statements that one diligently pursued one's rights are insufficient to raise the issue of equitable tolling).

As to Petitioner's allegation that he sent a copy of his motion to his lawyer on September 11, 2023, this action does not save Petitioner's late motion from untimeliness. Even if the court takes the September date into consideration, this date will similarly render his § 2255 motion untimely since it is also beyond the limitation period. Because Petitioner waited until the limitation period expired to pursue his right, he fails to satisfy "reasonable diligence" required for equitable tolling. *Hardaway v. Davis*, 684 F. App'x 444, 446 (5th Cir. 2017) (holding that petitioner's own delay does not qualify one for equitable tolling (citing *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006))).

Second, Petitioner has not shown "rare and exceptional circumstance" that prevented him from timely filing his motion. *United States v. Cardenas*, 13 F.4th 380, 382 (5th Cir. 2021) (internal citation omitted). Petitioner claims that he is a prisoner "who does not speak English," and he had to prepare his habeas corpus motion with the assistance of a "jailhouse lawyer" and "inmate translator." (Civ. Dkt. No. 1 at 11.) Petitioner also claims that he "is ignorant and has no training in the field of law and needed time to conduct research to properly file and complete the motion." (Civ. Dkt. No. 5 at 1.) Moreover, Petitioner states that he "did not know the proper procedure in filing the motion," and "was not aware or advised that there was time of limitation

on filing [§ 2255] motion." (*Id.*) None of the circumstances qualifies Petitioner for the benefit of equitable tolling. The Fifth Circuit has consistently held that proceeding *pro se*, illiteracy, lack of legal training, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations. *See e.g., United Sates v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993); *Felder*, 204 F.3d at 171-73; *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Therefore, Petitioner's aforementioned circumstances are insufficient justification to equitable tolling of AEDPA's one-year limitation.

Petitioner additionally alleges that while he was preparing the motion, the prison library was closed due to insect and mold infection, "making it difficult for movants to properly conduct his research." *See* Civ. Dkt. No. 5 at 1 ("While movant was preparing the motion, the Bastrop Federal Correctional Institute library was and has been closed due to the library being infested by a widely of nocturnal frugivorous or insectivorous flying mammals and mold, making it difficult for movants to properly conduct his research.").

Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the petitioner from timely filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (citing *Felder*, 204 F.3d at 171 n.9). The Fifth Circuit has noted that neither temporary denial of access to research materials or the law library, nor inadequacies in the prison law library, are sufficient to warrant equitable tolling. *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (citing *Felder*, 204 F.3d at 171-72; *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000)). In the instant motion, Petitioner fails to show the temporary closure of prison library actually prevented him from timely filing his § 2255 motion. *Cf. United States v. Lara*, No. CR 6:18-95-1, 2021 WL 4087613, at *2-3 (S.D. Tex. Sept. 7, 2021) (noting that the lack of

access of law library must have prevented the movant from timely filing petition and there still must be evidence of diligent effort for equitable tolling to apply).

Accordingly, Petitioner fails to establish that he is entitled to the benefit of equitable tolling. Therefore, the § 2255 petition should thus be dismissed as time barred from review.

### C. Evidentiary Hearing

A § 2255 motion may be resolved without an evidentiary hearing where "the motion, files, and record of the case conclusively show that no relief is appropriate." *See United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983) (citing Rule 4(b) of Rules Governing Section 2255 Proceedings). Based on the pleadings and record, as outlined, Respondent has summarily established that Petitioner did not file his § 2255 motion until after the applicable one-year limitation period expired, and the circumstances in Petitioner's case do not qualify Petitioner for equitable tolling. From the face of the motion and the prior proceedings, Petitioner is not entitled to relief. *See* R. Gov. Sec. 2255 Proceedings 4(b); *see also* Fed. R. Civ. P. 56(a). Since the record is adequate to dispose fully and fairly of Petitioner's claims, no evidentiary hearing is necessary.

### V. CONCLUSION

#### *Recommended Disposition*

After careful review of Petitioner's § 2255 motion, the record and relevant law, the undersigned concludes that Petitioner's § 2255 motion is untimely filed, and Petitioner is not entitled to equitable tolling. Accordingly, it is recommended that Respondent's motion for summary judgment (Civ. Dkt. No. 4) be **GRANTED**, and Petitioner's § 2255 motion (Civ. Dkt. No. 1) should be **DISMISSED with prejudice**.

#### *Certificate of Appealability*

It is recommended that the District Court deny a certificate of appealability. Because the undersigned recommends the dismissal of Movant's § 2255 action, it must be addressed whether Movant is entitled to a certificate of appealability (COA). The Rules Governing Section 2255 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2255 Proceedings 11. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding under section 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B).

A movant is entitled to a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). For claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying the *Slack* standard to a COA determination in the context of a § 2255 proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. For claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

For the reasons explained in the report, Petitioner would not be able to establish that reasonable jurists would find debatable or wrong the conclusion that Petitioner's § 2255 motion is time barred from review and ineligible for equitable tolling. Accordingly, it is recommended that the District Court deny a COA.

### Notice to the Parties

The Clerk shall send copies of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings or legal conclusions accepted or adopted by the District Court, except on grounds of plain error. *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The Clerk shall provide copies of this order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, on 23rd day of February 2024.

_____
Juan F. Alanis
United States Magistrate Judge